IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

|  |  |
|---|---|
| THE THREE DEGREES, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| SONY MUSIC ENTERTAINMENT INC<br>25 Madison Avenue<br>New York, New York 10010 | ) |
| THREE DEGREES ENTERPRISES INC<br>9009 Cotton Rose Way<br>Las Vegas, Nevada 89134 | ) |
| JULIE BARRETT<br>9009 Cotton Rose Way<br>Las Vegas, Nevada 89134 | ) |
| ESTATE OF RICHARD BARRETT<br>9009 Cotton Rose Way<br>Las Vegas, Nevada 89134 | ) |
| *Defendants*. | ) |

## COMPLAINT

## SUBSTANTIVE ALLEGATIONS

The Plaintiff, the Three Degrees (hereinafter, the "Plaintiff" or the "Group,") by and through its undersigned counsel, and complaining of certain actions of the Defendants, alleges as follows:

1.      This action by the Plaintiff, as more fully set forth herein, is for: (a) breach of contract, breach of fiduciary duty, conversion, intentional misrepresentation, fraudulent concealment, unjust enrichment, and an accounting against Defendants Three Degrees

1

Enterprises Inc., Julie Barrett, and the Estate of Richard Barrett; and (b) breach of contract and an accounting against Sony Music Entertainment Inc.

## JURISDICTION AND VENUE

2. Because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and this action is between citizens of different states, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

3. Defendant Sony Music Entertainment Inc. ("Defendant Sony") is subject to personal jurisdiction in the State of New York because the company is domiciled and conducts business in the State of New York.

4. Defendant Three Degrees Enterprises Inc. ("Defendant TDE") is subject to personal jurisdiction in the State of New York because the company has a long lasting contractual relationship with Defendant Sony and thus directs its business activities toward the State of New York such that it reasonably would expect to be subject to a lawsuit in the State of New York.

5. Defendant Julie Barrett ("Defendant Barrett") is subject to personal jurisdiction in the State of New York because she engaged in certain acts giving rise to an expectation that she would be subject to a lawsuit in the State of New York.

6. Defendant Estate of Richard Barrett (the "Estate Defendant") is subject to personal jurisdiction in the State of New York because the late songwriter, Mr. Barrett, who died in 2006, conducted extensive business in the State of New York during his lifetime such that it reasonably would be expected that his Estate would be subject to a lawsuit in the State of New York.

## THE PARTIES

7. The Three Degrees (hereinafter referred to interchangeably as the "Plaintiff" or the "Group") is a legendary American female vocal group. The Plaintiff has enjoyed worldwide acclaimbecause of its hit records that expand several decades.  The Group was originally formed in 1963 and is currently domiciled in the State of Pennsylvania.  Although the Group has comprised various members over the years, the constitution of the Group for purposes of this Complaint is: Ms. Valerie Holiday, Ms. Helen Scott, and the Estate of Ms. Fayette Pinkney.

8. Defendant Sony, on information and belief, is a Delaware corporation, qualified to do business in the State of New York, with a principal place of business at 550 Madison Ave., New York, New York 10022.

9. Defendant TDE, on information and belief, is a Delaware corporation with a principal place of business at 9009 Cotton Rose Way, Las Vegas, Nevada 89134.

10. Defendant Barrett is an individual who, on information and belief, is the president of Defendant TDE.  On information and belief, Defendant Barrett lives at 9009 Cotton Rose Way, Las Vegas, Nevada 89134. Defendant Barrett is the widow of the late producer and songwriter Mr. Barrett.

11. Defendant Estate of Richard Barrett (the "Estate Defendant") is the estate of Mr. Barrett.  On information and belief, the Estate Defendant is domiciled in the State of Nevada, specifically located at 9009 Cotton Rose Way, Las Vegas, Nevada 89134.

## FACTS COMMON TO ALL COUNTS

12. The Group was formed in 1963 after being discovered by Mr. Barrett in Philadelphia, Pennsylvania.  After singing and performing pursuant to several recording contracts during the 1960's and early 1970's, the Group, under the direction and control of Mr.

Barrett, signed with Philadelphia International Records ("PIR") in 1973. Conventional wisdom is that the Group enjoyed their greatest recording successes under PIR.

13. The Group's first album on the PIR label was entitled, *The Three Degrees*, and was released in 1973. That album included three (3) hit songs, including *Dirty Ol' Man*, *Year of Decision*, and the mega-hit, *When Will I See You Again*, which is largely credited with propelling the Group to major mainstream status. That signature single reached platinum status in the U.S. and gold status on the United Kingdom. Aside from those hits, the Group's first single on the PIR label, *TSOP (The Sound of Philadelphia)*, which they recorded with the studio band, MFSB, became the theme song for the hit television show, *Soul Train*. That first single also went platinum in the U.S.

14. The Group's second studio album under PIR was released in 1975and was entitled, *The Three Degrees International*. Consistent with its name, the album had international appeal and was marketed under different titles, and in different languages, in different countries. For instance, in Continental Europe, the album was named *With Love*, and its most popular single in the United Kingdom was a hit single entitled, *Take Good Care of Yourself*, which reached the Top 10 in sales in the U.K. The album itself was entitled, *Take Good Care of Yourself*, in the U.K, and reached No. 6 on the U.K. album chart. Also reaching major international popularity from the album were two songs that soared up the charts in Japan – *Midnight Train* and *Nigai Namida*.

15. In 1976, again under the direction and control of Mr. Barrett, the Group left PIR and moved to CBS Sony/Epic Records. While with CBS Sony/Epic Records, the Group released the album, *A Toast of Love*, which specifically targeted the Far East market, although a single of the album's title track was released in other world markets. In 1977, the Group released the

album, *Standing Up For Love*, on the CBS Sony/Epic Records label.  In 1979, CBS Records released *A Collection of Their 20 Greatest Hits*, which peaked at No. 8 in the U.K.

16.     In the 1980's, the Group continued to record.  The Group released the album *Gold* in 1980 and the album became a Top 10 hit in the U.K.

17.     The Group continues to perform live to this day and their albums, as well as individual singles from those albums, continue to sell in the U.S. and around the world.

18.     At some point during the mid-to-latter 1970's, at the height of the Group's fame and popularity, Mr. Barrett and the Group began discussions on what the financial arrangements should be between him and the Group going forward regarding compensation for album and record sales.  Based on information and belief, it was agreed that Defendant TDE and the three members of the Group would each receive 25% of the gross earnings from the album and record sales.

19.     Despite this oral agreement for the Group to receive 75% of the royalties from the album and record sales, the Group and each of its individual members never received one penny of the royalties, and, on information and belief, Mr. Barrett continued to receive 100% of the royalties.

20.     On information and belief, at all times relevant, Mr. Barrett (individually and through his corporate entity, TDE) acted as business manager and fiduciary for the Group.  As such, Mr. Barrett had the duty to exercise his professional obligations to the Group competently, diligently, and in accordance with professional standards as a business manager.  Moreover, as the business manager for the Group, Mr. Barrett and TDE owed the Group duties of good faith, confidence, and the utmost loyalty.

21.     On information and belief, Mr. Barrett and TDE were actually and effectively entrusted to collect and disburse gross proceeds from the album and record sales to the Group, in accordance with the oral agreement into which he and the Group had entered.  On information and belief, Mr. Barrett and TDE placed their own interests before that of the Group, with the sole intent to benefit themselves at the expense of the Group.  Accordingly, Mr. Barrett and TDE breached their fiduciary obligations to the Group by acting in conflict of the Group's interests and for the interests of themselves.

22.     Consistent with the culture of the times, the Group and its individual members placed all of their trusts in Mr. Barrett and TDE that they would protect the interests of the Group and its individual members.  The Group continued to make and sell albums with the belief that Mr. Barrett and TDE would not deprive them of their rights to royalty compensations in accordance with the oral agreement.

23.     Throughout the time period of his continued management of the Group, and until his death in 2006, Mr. Barrett, through his ownership and control of Defendant TDE, fraudulently concealed from the Group their rights to 75% of the royalties from the album and record sales.

24.     On information and belief, at some point prior to Mr. Barrett's death, Defendant Sony acquired the rights to collect royalties from the Group's album and record sales on the PIR label.  That time period also coincided with when the Group began to investigate their royalty rights.  When Mr. Barrett died, his widow, Defendant Julie Barrett, became president of defendant TDE and thus business manager of the Group.  The Group made continuous attempts to obtain information concerning their royalty rights from Defendant Barrett, but Defendant

Barrett fraudulently, deliberately and intentionally concealed from the Group information about their royalty rights, in violation of her fiduciary duties.

25. On information and belief, Defendant Sony and Defendant TDE entered into an agreement in which Defendant TDE has received, and continues to receive, royalty payments from Sony for the sales of the Group's albums and records in the U.S. and the world. Through the present time, the Plaintiff's albums and songs continue to be sold in the U.S. and worldwide, including the United Kingdom, where the album bearing the cover attached as Ex. A to this Complaint, contains the Plaintiff's mega-hit, *When Will I See You Again*. Appearing in Ex. A, in the red dresses, are two members included among the Plaintiff – Ms. Valerie Holiday and Ms. Helen Scott. On information and belief, that album is presently in the Top 5 in sales among albums of that genre in the U.K. In addition, another album that contains the Plaintiff's major hit, *Woman in Love*, is presently, on information and belief, in the Top 10 in sales among albums of that genre in the U.K. (Ex. B)

26. On information and belief, it is clear from the Sony-TDE royalty agreement that the Group is an *intended* creditor beneficiary of that agreement. Nevertheless, the Group has not received one penny from theSony-TDE royalty agreement, despite Sony's knowledge of the Group's rights in connection therewith.

27. On information and belief, Defendant TDE, Defendant Barrett, and the Estate Defendant (Estate of Richard Barrett) have converted the Group's royalty payments over a period of many years, through breach of contract, fraud, intentional misrepresentation, and breach of their fiduciary duties. Accordingly, Defendant TDE, Defendant Barrett, and the Estate Defendant have been unjustly enriched through such illegal activities. The Plaintiff thus seeks to

recover from these Defendants and also seek an accounting of their royalties from these Defendants.

28. Furthermore, Defendant Sony is liable for breach of contract because it is clear from theSony-TDE royalty agreement that the Group is an *intended* creditor beneficiary of that agreement. As such, Plaintiff also seeks an accounting of their royalties from Defendant Sony.

### FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

### (AGAINST THREE DEGREES ENTERPRISES, SONY, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

29. Plaintiff repeats and incorporates paragraphs 1 through 28, as though fully set forth herein.

30. The Group alleges that notwithstanding the absence of a written agreement between Defendant TDE and the Group, on information and belief, Mr. Barrett, on behalf of himself and Defendant TDE, and the Group did reach an agreement at the height of the Group's international success that Defendant TDE and the three members of the Group would each receive 25% of the gross earnings from the Group's album and record sales.

31. The Group continued to perform their obligations of singing and performing on the albums and records, which albums and records achieved major acclaim and sales in the U.S. and worldwide

32. Defendant TDE and Mr. Barrett breached the agreement by failing to pay to the Group the agreed upon 75% of the royalties from the sales of the Group's albums and records in the U.S. and worldwide.

33. Upon her becoming the president of TDE on the death of her husband, Ms. Barrett continued to breach the agreement by failing to pay to the Group the agreed upon 75% of the royalties from the sales of the Group's albums and records in the U.S. and worldwide.

34. From the date that Sony and TDE entered into the agreement that Sony would pay royalties to TDE, it was clear from the Sony-TDE royalty agreement that the Group was and is an *intended* creditor beneficiary of that agreement.

35. As a result of the breaches by the said Defendants, the Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

## (BREACH OF FIDUCIARY DUTY)

## (AGAINST THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

36. Plaintiff repeats and incorporates paragraphs 1 through 35, as though fully set forth herein.

37. Plaintiff alleges that Defendants TDE, Mr. Barrett, and Julie Barrett owed a duty of loyalty and trust arising out of their roles as business manager for the Group. Said Defendants had a duty to exercise professional obligations on behalf of the Group competently and diligently.

38. Said Defendants were actually and effectively entrusted to collect and disburse the Plaintiff's royalty payments. Said Defendants had a duty to avoid self-dealing, because said Defendants knew the Group lacked experience in recovering music royalties and relied upon the superior, specialized knowledge and experience of said Defendants to act on behalf of and in the best interests of the Group.

39. Said Defendants breached their said fiduciary duties of trust and confidence owed to the Group by collecting royalty payments, including from Defendant Sony, and not paying the Group its agreed upon royalty payments.

40. As a result of the breaches by the said Defendants, the Plaintiff has suffered damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (CONVERSION)

### (AGAINST THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

41. Plaintiff repeats and incorporates paragraphs 1 through 40, as though fully set forth herein.

42. Plaintiff is owed royalties by Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett.

43. Said Defendants refuse to release said royalties to the Plaintiff, despite Plaintiff's having demanded to have the royalties released to it.

44. Said Defendants' refusal to release the retained royalty payments to the Plaintiff has denied Plaintiff possession of those sums.

45. Said Defendants' failure to release the retained portion of the royalty payment amounts to the tort of conversion of the money and has damaged Plaintiff in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (INTENTIONAL MISREPRESENTATION)

### (AGAINST THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

46.     Plaintiff repeats and incorporates paragraphs 1 through 45, as though fully set forth herein.

47.     Defendants TDE, Richard Barrett, and Judy Barrett repeatedly misrepresented to the Plaintiff that there were no royalty payments due and owing to the Plaintiff from album and record sales.

48.     Said Defendants' misrepresentations were material because the sums owed to the Plaintiff for unpaid royalties were central to the oral agreement between the Plaintiff and said Defendants.

49.     Plaintiff did not know that said Defendants' representations were false.

50.     Said Defendants intended for Plaintiff to rely upon those misrepresentations.

51.     Plaintiff justifiably relied upon said Defendants' misrepresentations.

52.     Said Defendants owed a duty to make a full and accurate disclosure to Plaintiff because Plaintiff relied upon said Defendants' extensive experience and superior, specialized knowledge regarding the collection of their music royalties.

53.     Said Defendants' deliberate misrepresentations amount to the common law tort of intentional misrepresentations and have damaged Plaintiff in an amount to be proven at trial.

## **FIFTH CLAIM FOR RELIEF**

### (FRAUDULENT CONCEALMENT)

### (AGAINST THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

54. Plaintiff repeats and incorporates paragraphs 1 through 53, as though fully set forth herein.

55. Defendants Mr. Barrett, Julie Barrett, and Three Degrees Enterprises committed the act of fraudulent concealment against the Plaintiff as follows:

    (a) Mr. Barrett, as the Group's business manager, had prior knowledge and understanding of the transactions involving the Group and their rights attendant thereto, regarding the royalty payments to which the Group was entitled as singers and performers on the subject albums and records. Moreover, Mr. Barrett had a fiduciary relationship with the Group as its business manager which imposed on him a duty of loyalty and to refrain from self-dealing. Knowing of his superior and prior knowledge, Mr. Barrett intentionally and fraudulently concealed from the Group the royalties that were due and owing to the Group, which concealment was material.

    (b) Upon Mr. Barrett's death in 2006, his widow, Defendant Julie Barrett, continued this same practice of fraudulent concealment of material information from the Plaintiff.

56. Plaintiff further alleges that said Defendants placed their own interests before that of the Group in intentionally concealing from the Group its rights to receive royalty paymentsas singers and performers on the subject albums and records. In fact, Plaintiff alleges that at all

12

times as business manager of the Group, said Defendants' sole intent was to benefit themselves at the expense of the Group.

57. Plaintiff relied to their detriment on the fraudulent concealment of said Defendants, as outlined herein, and as a result, suffered injuries in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (UNJUST ENRICHMENT)

### (AGAINST THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

58. Plaintiff repeats and incorporates paragraphs 1 through 57, as though fully set forth herein.

59. On information and belief, Defendants Three Degrees Enterprises, Mr. Barrett, and Julie Barrett made unauthorized and improper deductions of the royalties due and owing to the Plaintiff, which said Defendants retained for their own account.

60. It would be inequitable and against good conscience to permit said Defendants to retain such unauthorized and improper deductions of Plaintiff's royalties, and said Defendants have been unjustly enriched, to Plaintiff's detriment.

61. On account of such unjust enrichment, the Plaintiff has been damaged in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (AN ACCOUNTING)

### (AGAINST SONY, THREE DEGREES ENTERPRISES, JULIE BARRETT, AND ESTATE OF RICHARD BARRETT)

62. Plaintiff repeats and incorporates paragraphs 1 through 61, as though fully set forth herein.

63. As a result of Defendants' conduct described herein, Plaintiff has been monetarily damaged in an amount that cannot yet be fully determined.

64. Plaintiff therefore requires an accounting of all monies made and other benefits realized by, ad any deductions, expenses and other costs claimed by, Defendants in connection with Defendants' collection of royalties on behalf of Plaintiff, in order to fully and accurately determine the extent of, and damages resulting from, Defendant's wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. That the Court declare that the Defendants have wrongfully withheld royalty payments from the Plaintiff over several years, in an amount to be determined at trial;

2. That the Court enter judgment in Plaintiff's favor against Defendants Sony, Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for breach of contract resulting in damages in an amount to be proven at trial;

3. That the Court enter judgment in Plaintiff's favor against Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for breach of fiduciary duty resulting in damages in an amount to be proven at trial;

4. That the Court enter judgment in Plaintiff's favor against Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for conversion resulting in damages in an amount to be proven at trial;

5. That the Court enter judgment in Plaintiff's favor against Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for intentional misrepresentation resulting in damages in an amount to be proven at trial;

6. That the Court enter judgment in Plaintiff's favor against Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for fraudulent concealment resulting in damages in an amount to be proven at trial;

7. That the Court enter judgment in Plaintiff's favor against Defendants Three Degrees Enterprises, Julie Barrett, and the Estate of Richard Barrett, for unjust enrichment resulting in damages in an amount to be proven at trial;

8. That the Court order an accounting, requiring Defendants to account to Plaintiff for any and all monies received by Defendants related to the Plaintiff's royalty payments due and owing for the gross earnings from the album and record sales in the U.S. and worldwide.

9. The Court grant to the Plaintiff its reasonable attorneys' fees, costs, and interests due on any of the claims as alleged and proven at trial;

10. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable in this matter.

DATED this 7th day of February, 2017.

                THE WILSON LAW FIRM LLC


                /s/ *Earl A. Wilson*
                Earl Antonio Wilson, Esq. – EAW-5466
                255 Livingston Street
                Fourth Floor
                Brooklyn, NY  11217
                (718) 522-3249
                wilsonlaw65@gmail.com


                Attorneys for the Plaintiff,
                The Three Degrees